# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

ROGERIO CHAVES SCOTTON,

    Plaintiff,

v.

WARDEN TRACY JOHNS; GEO GROUP, INC.; GEORGE ZOLEY; and PCS-PUBLIC COMMUNICATION SERVICES,

    Defendants.

CIVIL ACTION NO.: 5:15-cv-95

## **ORDER and REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner's Emergency Motion to Compel Telephone Recordings. (Doc. 1.) For the reasons set forth below, Petitioner's Motion is **DENIED**. Further, I recommend that this case be **DISMISSED**.

## **BACKGROUND**

On December 2, 2015, Petitioner Rogerio Chaves Scotton, an inmate at D. Ray James Correctional Facility ("D. Ray James") in Folkston, Georgia commenced this action by filing the instant Motion with this Court. (Doc. 1.) Therein, Petitioner requests that the Court issue a subpoena for production of phone records from D. Ray James. Specifically, he seeks all recordings for phone calls made from January 5, 2014 to October 30, 2015 for six phone numbers. (Id. at p. 4–5.) Petitioner explains that his conviction is currently on appeal to the Eleventh Circuit and that these records are necessary to show deficient performance by his appellate counsel. Other than the Motion to Compel these records, Petitioner requests no further relief of this Court, and has not made any other filings in this Court.

**DISCUSSION**

Federal courts are courts of limited jurisdiction. We possess only the power strictly authorized by the Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The court's jurisdiction cannot be expanded merely through judicial decree. Id. (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted).

Petitioner does not allege any basis in his Motion for the Court to exercise jurisdiction in this case. Petitioner states that the telephone records are needed to prove his claims that his appellate counsel has defrauded him and his family of attorney's fees and that his attorney has failed to take actions on his behalf. However, Petitioner does not indicate that any action is pending between Petitioner and his attorney, much less an action in this Court or any other federal court. Furthermore, Petitioner has not brought any claims in this Court seeking relief of any kind other than moving for a subpoena. Accordingly, this Court does not have jurisdiction to subpoena the requested records. See United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 76 (1988) ("[T]he subpoena power of a court cannot be more extensive than its jurisdiction.... [I]f a district court does not have subject-matter jurisdiction over the underlying action ... then the process is void"); United States v. Morton Salt Co., 338 U.S. 632, 642 (1950) ("The judicial subpoena power . . . is subject to those limitations inherent in the body that issues them"); McCook Metals LLC v. Alcoa, Inc., 249 F.3d 330, 334 (4th Cir.2001) (ancillary court's power to issue subpoenas is dependent on jurisdiction of court where underlying action is pending); Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1213 (D.C. Cir. 1996) ("[T]he district court is . . . without power to

issue a subpoena when the underlying action is not even asserted to be within federal-court jurisdiction"); Sullivan v. Dickson, 283 F.2d 725, 727 (9th Cir.1960) (motion to inspect documents under Fed. R. Civ. P. 34 or 45(b) cannot be granted in absence of pending proceeding); In re Rum Mktg. Int'l, Ltd., No. 07-21466-MC, 2007 WL 2702206, at *2 (S.D. Fla. Sept. 14, 2007) ("Here, however, there is no pending case before another federal court that has subject matter jurisdiction over the parties and the litigation. Consequently, there is no jurisdiction purely under the provisions of Rules 26 or 45 for counsel for [one party] to issue a Rule 45 subpoena, nor any jurisdiction for counsel for [the other party] to move to quash that subpoena.") cf. 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2456 at 29 (2d ed.1995) ("subpoena may issue only in aid of a pending action").

To the extent that Petitioner seeks these phone records for an ongoing criminal case, he should petition the court in which that case is pending for a subpoena. While D. Ray James is located within this District, Rule 17(e) of the Federal Rules of Criminal Procedure provides for service of a subpoena upon a witness at any place within the United States. In re Subpoenas Duces Tecum, 248 F. 137, 137 (E.D. Tenn. 1916) (the authorization of subpoenas for witnesses in criminal cases to run into any other district includes subpoenas duces tecum as well as the ordinary subpoenas ad testificandum.).[1]

## CONCLUSION

For the above stated reasons, Petitioner's Emergency Motion to Compel is **DENIED**. Moreover, because Petitioner does not request any relief in this case other than the issuance of a subpoena, there is nothing further for this Court to do in this matter. Additionally, Petitioner has

---

[1] This Court issues no opinion as to whether any other court should issue Petitioner's requested subpoena.

not properly invoked this Court's jurisdiction in any way.  Consequently, I recommend that this case be **DISMISSED**.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 4th day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA